Roque v 240 Lincoln Place LLC (2026 NY Slip Op 00996)

Roque v 240 Lincoln Place LLC

2026 NY Slip Op 00996

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, Hagler, JJ. 

Index No. 28997/20|Appeal No. 5887|Case No. 2025-00685|

[*1]Antonio Rosario Roque, Plaintiff-Respondent,
v240 Lincoln Place LLC., Defendant-Appellant.

Lester Schwab Katz & Dwyer LLP, New York (Daniel S. Kotler of counsel), for appellant.
Ginarte Gonzalez & Winograd, LLP, New York (Anthony F. Destefano of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered January 23, 2025, which granted plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to partial summary judgment on his Labor Law § 240(1) claim through his submission of undisputed evidence that the 12-foot A-frame ladder he was working on slipped out from under him while he was standing on it, causing him to fall and land on top of the ladder (see Morales v 2400 Ryer Ave. Realty, LLC, 190 AD3d 647, 647 [1st Dept 2021]).
In opposition, defendant failed to raise an issue of fact. Contrary to defendant's argument, the record evidence fails to establish that plaintiff was a recalcitrant worker or was the sole proximate cause of the accident (see id.). Plaintiff's decision to use an A-frame ladder in the closed position is not, in itself, a reason to declare him the sole proximate cause of the accident, as he provided a specific reason for using the ladder while it was still closed: he was unable to open it because of its size and weight (see id.).
In addition, although an eight-foot ladder was available at the site, defendant failed to show that plaintiff knew he was expected to use the eight-foot ladder or that he chose, for no good reason, to forgo using it (see id.; Garces v Windsor Plaza, LLC, 189 AD3d 539, 539 [1st Dept 2020]). On the contrary, plaintiff's supervisor testified that he never told plaintiff what equipment to bring to the site and that it was up to plaintiff what equipment to use. In any event, plaintiff testified that he had found the eight-foot ladder to be unstable when he had used it on a previous day; therefore, he had a good reason not to try and use it again (see Garces, 189 AD3d at 539; see also Morales, 190 AD3d at 647-648). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026